# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9877 | **DATE** | 1/8/2013 |
| **CASE TITLE** | Jorge Melendez v. Cook County Sheriff | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The filing fee is waived. However, summons shall not issue at this time. Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff is granted thirty days to submit an amended complaint. The Clerk is directed to send Plaintiff an amended complaint form and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this case.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Jorge Melendez, brings this *pro se* action. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is granted; the filing fee is waived.

Under 28 U.S.C. § 1915(e)(2), the Court is required to conduct a prompt initial review of Plaintiff's complaint.

Plaintiff alleges, in a 3-sentence complaint, that he was housed in a building (presumably, at Cook County Jail) with no heat or hot water for seven days and nights. Plaintiff names "Cook County Sheriff" as the sole Defendant. Plaintiff's minimal allegations fail to state a claim.

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Mere labels and conclusions, or a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff's minimal allegations as to the conditions of his confinement at some unknown time fail to adequately state a claim.

Nor does Plaintiff allege a claim against the sole Defendant - Cook County Sheriff Tom Dart. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff does not allege that

## STATEMENT

Dart was personally involved in the alleged unconstitutional conduct. Plaintiff must name the individual(s) that were personally involved in the alleged unconstitutional conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.").

Based on the above, the complaint is dismissed without prejudice for failure to state a claim. Plaintiff is granted thirty days to submit an amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

Plaintiff's failure to comply with this order will result in dismissal of this case.